ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# IN THE UNITED STATES DISTRICT COURT

DEC 20 2005

## FOR THE DISTRICT OF HAWAII

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

| | |
|---|---|
| PETER H. TAKEDA ) | CIVIL NO. 04-00281 JMS-LEK |
| ) | |
| Petitioner, Pro Se ) | ANSWER TO STATE'S |
| ) | MEMORANDUM IN |
| VS. ) | OPPOSITION TO PETITION- |
| ) | ER'S REQUEST FOR **COA**, |
| ) | CERTIFICATE OF SERVICE |
| ROBERT PARKER, Warden; ) | |
| MARK BENNETT, Attorney ) | |
| General of State of Hawaii ) | |
| ) | |
| Respondents. ) | |

## ANSWER TO STATE'S MEMORANDUM IN OPPOSITION TO PETITIONER'S PETITION FOR CERTIFICATE OF APPEALABILITY

COMES NOW PETER H. TAKEDA, Petitioner Pro Se, responding to the State of Hawaii's Memorandum in Opposition for his Application of the Certificate of Appeal ability. Petitioner informs the Court that he did not know he had to notify the prosecutors office via *Certificate of Service* of his application for a COA. Therefore, he did not send a copy of it to them, but did, however, send a copy to the State Attorney General.[1]

## ARGUMENT

Petitioner continues to believe that he has made a substantial showing of the denial of his constitutional rights as they pertain to this case.

[1] The prosecutor's office complained in there Brief that they did not receive a copy of my application for COA.

1

Moreover, Petitioner asserts that the grounds he has raised do present jurists issues which are debatable; and that a court could resolve in different ways.

## PETITIONER'S UNANIMITY INSTRUCTION CLAIM DEMONSTRATES THE DENIAL OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS.

The lack of a unanimity instruction did violate Petitioner's due process, as there is no clear indication which of the two or more persons the jury actually believed the Petitioner *attempted* to murder. The case that the prosecution cites on page 7 of their answer (hereinafter "SA"), **Schad v. Arizona,** is different, and not (emphasis added) related to this crime in a way that makes it logically acceptable. The c ase c ited d eals w ith f elony murder, not *attempted murder*. The state reasons that no unanimity instruction was needed because there was no doubt as to who was murdered. While this may be true for the **Schad** case, it does not hold true in this case. In the **Schad** case, there is no doubt as to who was murdered – *there were two dead bodies.* In this case, there are no dead bodies – the State charged Petitioner with **attempted murder** (citing the wrong state statute), and specifically gave evidence to the grand jury of those persons who were the alleged victims of this crime. This was specific. By not having the unanimity instruction, there is no way to know if the jury convicted Petitioner of attempting to murder one, two, three, or all – or, just the teenage looking male and not the police… Any number of possibilities become present. Also, because it was attempted murder, the State was required to prove beyond a reasonable doubt that the Petitioner acted with intended knowledge to "cause the deaths of George Abbley, and/or Albert

2

Mendoza, and/or Curtis Kissel, and/or Bradley Yamada, and/or William Kelly, and/or Ronald Taira, and/or Edward Santos, and or John Doe..." Petitioner contends that the State never proved this beyond a reasonable doubt, as there was no testimony that claimed Takeda was shooting at police or a teenage looking male. In fact, the evidence and testimony clearly shows the opposite is true. He was shooting at "aliens," "imaginary assassins" Id.at57. Further examination of the court transcripts reveal that Takeda was "paranoid," "freaked out," "psychoed out," "was tripping out," "gone out of his mind," "was nuts," and "crazy". Id. at 26; Id. at 24, 27, 36; 10/18/01 TR 4-5; all of these are clearly pointed out in Petitioners Opening Appeal Brief. Never once does anyone (other than the State) claim that Takeda was shooting at police. There is also no physical evidence to support this claim. It was clearly **the belief of the police officers at the scene, and supposedly that of a John Doe** (who has never been identified), that Takeda was shooting **with the intent to kill them**. It was *never* (emphasis added), established that Takeda himself had that intent, or even knew there were police officers or a John Doe out in front of his apartment complex. At no time did the police announce their presence in any way, and testimony shows that Takeda, when he shot, did so out the lanai door – *"towards the sea";* clearly shooting at the sea (an object) NOT a person. See page 54 OB. He also shoots at the mirror, the walls, light fixtures, all because he was hallucinating and believed aliens were attacking him. See pps 48-49-54-55-85-90-92-102-103 OB; all of which demonstrate that Takeda had NO intent [emphasis added] to kill anyone other than the imaginary figures in his own head.

The State wrongly argues that Takeda's constitutional rights were not

3

violated "because intent to kill specific individuals was not an element of the offense." See Page 8 SA; this is not correct. Petitioner continues to assert (and this is debatable among jurists of reason) that the unanimity instruction *was necessary* because the jury needed to identify which two or more persons were the actual victims because this was an **attempt**, and not an actual murder, where there would be no doubt... The State also seems to contradict themselves on page 8, where they claim that intent was not required to show specific individuals.... On page 6, they quote the three elements of the crime; and one is clearly that it must be proven that the Petitioner [*in his own mind* – not that of the police], "had to act in such a deliberate and intentional way - to have taken a substantial step in a course of conduct intended or known to be practically certain by the defendant to cause the deaths of..."...then the list of names follows. A "substantial step" is further defined as having "to be strongly corroborative of [Petitioner's] **intent** to commit Attempted Murder in the First Degree..." The State told the Grand Jury that Takeda took *that* substantial step in regards to *specific individuals*, and it was on that information that the grand jury returned the indictment. For the State to now claim that "intent to kill specific individuals was not an element of the offense" does not ring true, and is certainly debatable among jurists of clear reason.

Therefore Petitioner continues to assert that this claim has merit for the issuance of the COA. This violation did infect the entire trial, in that it produced a flawed verdict, and denied the Petitioner his Fourteenth Amendment right to due process as guaranteed by the U.S. Constitution. Petitioner's Appeal Attorney correctly recognized this and presented this issue on direct appeal which is the basis for Petitioner's present claim.

4

Lastly, as to this issue, it must be noted that no one other than the State and the police claimed that Takeda was attempting to murder anyone other than fictitious "aliens", and an imaginary "assassin". It is only on the word of the prosecutor that the jury is told over and over again of what the Petitioner's intent was. Petitioner respectfully reminds the Court that the prosecutor's words are not evidence, and therefore cannot be used as evidence in order to adduce proof of this crime. The law is clear, it must be what the Petitioner had in <u>his mind</u>, not what <u>others</u> believed. Moreover, the police believed they (and the John Doe) were the victims. Again, Petitioner respectfully reminds the Court, that while this may be true, the law is clear – it is not what <u>they</u> believed or thought, but rather what the petitioner had in his mind that mattered. A close examination of the trial transcripts will prove that the other witnesses and Takeda's co-defendant never believed nor claimed that h e w as intending to murder anyone, other than the fictitious aliens and assassin (and this as a mental self-defense). This was the reason Takeda's defense counsel asked the jury to "link or match up unanimously basically a shot to an individual… You have to unanimously agree if you're going to buy the State's theory." Order at 12. The State incorrectly reasons on pg. 9 SA that "the facts adduced at trial [made] it unlikely that the jury would have experienced any confusion or disagreement about which of the complainants [Petitioner] attempted to murder." Order at 11-12. As already demonstrated, there are NO facts to support the State's theory, only a prosecutor's argument and the flawed belief of the police officers involved: (John Doe's belief, *for all the Petitioner knows*, could be a fabrication of the State and Police, as he was never named nor produced for trial – the ONLY non-police person to be

5

claimed as a complainant; and possibly one who would have a whole different "take" of the situation as he perceived or observed it to be).

Therefore, Petitioner continues to assert that his Federal constitutional right to due process was violated, by the State of Hawaii not upholding or recognizing on appeal it's own laws, because they infringe upon Petitioner's liberty interests.  The Court's Instruction #30 did in fact infect the trial, as it aided the jury in producing a faulty verdict.  Order at 13.  There is NO clarity in the verdict of <u>who</u> [emphasis added], Takeda attempted to murder, or how many persons (if more than two), he attempted to murder.   The unanimity instruction was needed and required.   By not requiring it, the Court erred in a serious and fundamental manner that Takeda's guarantee to due process for such a serious matter (the consequences of which is life imprisonment without parole), violated his Fourteenth Amendment rights. Jurists of reason could surely debate this specific issue with these specific circumstances.  Accordingly, the Court should grant the COA.

## PETITIONER'S CONFRONTATION CLAIM DEMONSTRATES THE DENIAL OF HIS CONSTITUTIONAL RIGHT TO CONFRONTATION.

Petitioner claims that Court's Instruction # 30 **did** violate his constitutional right to confront his accusers "insofar as it included the names of two complaints [sic] who did not testify at trial.[1]  Petitioner asserts that because of the nature of the charge and the differing stories told in court by the various witnesses, these two complainants were critical for him to question and examine during trial, as well as before.

---

[1] Bradley Yamada and John Doe were two persons named as victims but provided no testimony at trial.

As already discussed at length in Petitioner's Traverse and Objections to the Magistrate's Findings and Recommendations, and per his claim made for the Application of the COA, Petitioner asserts his constitutional rights were violated. This claim arises mainly from the fact that the "John Doe" (or "teenaged-looking male"), was *never* identified to the defense at anytime prior to trial. Therefore, as far as Petitioner knows (and for the reasons stated in Petitioner's <u>Traverse</u> and <u>Objections</u>, as well as Appeal), <u>he has ***no*** evidence that this individual even exists, let alone logged a criminal complaint against him</u>, thus violating every fundamental rule of American jurisprudence. As far as Petitioner knows, this "John Doe" is a fictitious person, added onto the list of complainants in order to bolster and bootstrap the State's case – so that just police officers weren't perceived as making the complaint. It could also be considered a "piling-on" of charges in order to strengthen the State's case, with no factual basis supported by real evidence. Jurists of reason could certainly entertain this question and come to differing conclusions. For these reasons the COA should be issued.

### PETITIONER'S CLAIMS REGARDING THE ADMISSION OF TAVARES' TRIAL TESTIMONY AND THE PROSECUTOR'S STATEMENTS DEMONSTRATE THE DENIAL OF PETITIONER'S <u>CONSTUTITUTIONAL RIGHTS.</u>

Although the F&R found [that] "neither Tavares' testimony nor the prosecution's statements violated [Petitioner's] right to due process and a fair trial". Order at 15. Petitioner herein asserts that this is clearly debatable among jurists of differing reason. Moreover, Petitioner asserts that the error **did** have a substantial and injurious impact upon the verdict, and that this is clearly debatable among jurists of reason.

7

The District Court incorrectly reasoned as per the F&R, See pg. 13 "SA", that the "trial court's admission of Officer Tavare's testimony did not violate [Petitioner's] right to due process because it cannot be said that there was no permissible inferences that the jury could draw from the testimony." Pg 13 "SA". Petitioner asserts that this finding is faulty, as the trial judge **had excluded the evidence pre-trial because it was ruled too prejudicial and unfair to be included at trial.** Therefore, for the Court to second guess the trial court now seems unreasonable, and a further violation of Petitioner's rights to a fair hearing without undue prejudice from the State. The error in fact did infect the entire trial in that it pre-disposed and unfairly tainted the jury regarding the defendant. This "pre-disposition" had a substantial and injurious effect on the verdict and therefore warrants at least a further review and discussion before the 9th Circuit panel. Therefore the COA should be issued. Moreover, the Prosecutor's closing argument, while not evidence, did violate Petitioner's Fifth and Fourteenth Amendment rights of due process to a fair trial. Petition at 6. The misconduct cited did infect the proceeding and did have a injurious and substantial effect upon the jury's verdict. The prosecution should have avoided mention of the previously litigated matter as per the court's instructions in order to avoid all appearances of unfairness. By not doing so, the prosecution committed serious misconduct and intentionally violated Petitioner's right to a fair trial for only the matter at hand. Petitioner continues to assert that this issue is in the very least debatable among jurists of reason and therefore a COA should be issued.

Lastly, Petitioner wishes to state before the court his anxiety and disappointment. It seems the State (and even the federal government), are

8

able to pull rules *out of the air* that are unable to be violated.  However, when Petitioner, who is not an attorney, cites rules broken, or violations made of fundamental due process, the State and the courts are able to reason their way out of the dilemma, and announce that *it's OK, it really doesn't matter*.  This is clearly problematic and Petitioner believes an affront to true justice, as envisioned by our [American] Founding Fathers.

## CONCLUSION

Your Honor, while Petitioner knows of his culpability in the matter charged and already adjudged, he also knows he was "over-charged," and was not culpable of attempted murder of police officers or anyone other.  At no time did Petitioner ever have that intent or notion in his mind.  While [his] actions are reprehensible, and punishment surely must follow from them, Petitioner simply wishes to be heard on these issues because he believes jurists of reason could determine these facts differently in light of the evidence [or lack thereof] from the trial itself.  Petitioner prays for a reversal of this unjust charge and conviction, realizing that the charge should be one of "terrorist threatening," or "reckless endangerment".

Petitioner therefore humbly asks this court to grant the Certificate of Appealability so that this matter may be heard by a panel from the 9th Circuit.

Dated at Tutwiler, Mississippi: December 12, 2005.


Respectfully Submitted:


_____
PETER H. TAKEDA
Petitioner Pro Se
9

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER H. TAKEDA | ) | CIVIL NO. 04-00281 MS-LEK |
| | ) | |
| Petitioner, Pro Se | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| ROBERT PARKER, Warden; | ) | CERTIFICATE OF SERVICE |
| MARK BENNETT, Attorney | ) | |
| General of State of Hawaii | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2005, a true copy of Petitioner's

**Answer** to the States Memorandum in Opposition to Petitioner's Request for

Certificate of Appealability was sent via U.S. mail to the following parties:

HONORABLE MARK J. BENNETT
Attorney General, State of Hawaii
425 Queen Street
Honolulu, HI 96813
And
DANIEL H. SHIMIZU #4300
Deputy Prosecuting Attorney
1060 Richards Street
Honolulu, HI 96813

Tutwiler, Mississippi this 14th day of December 2005.


PETER H. TAKEDA
Petitioner Pro Se